

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 13, 1939

Dr. G.A. Davis
State Registrar
State Board of Health
Austin, Texas

Dear Dr. Davis:-

> Opinion No. O-603
> Re: Who should execute the death certificate
> following the death by accident, suicide
> or homicide when there has been a physi-
> cian in attendance prior to death.

Your request for an opinion as to who should execute the death certificate, in the event of a violent death following an accident, suicide or homicide when there was a physician in attendance prior to death, has been received by this department. You also inquire if the person wishing to bury the body should submit the death certificate to the physician or the Justice of the Peace for execution.

Rule 41a of Article 4477 provides that:

> ". . . And the coroner or proper offi-
> cer whose duty it is to hold an inquest on
> the body of any deceased person, and to
> make the certificate of death required for
> a burial permit, shall state in his certi-
> ficate the name of the disease causing
> death, if from external causes, (1) the
> means of death; and (2) whether accidental,
> suicidal, or homicidal, and shall, in any
> case, furnish such information as may be
> required by the state registrar in order
> properly to classify the death."

We must look to Article 968 of our Code of Criminal Procedure to determine the circumstances,

under which an inquest is authorized by law.

> "Any justice of the peace shall be authorized, and it shall be his duty, to hold inquests without a jury within his county, in the following cases:
>
> 1. When a person dies in prison.
>
> 2. When any person is killed, or from any cause does an unnatural death, except under sentence of the law, or in the absence of one or more good witnesses.
>
> 3. When the body of a human being is found, and the circumstances of his death are unknown.
>
> 4. When the circumstances of the death of any person are such as to lead to suspicion that he came to his death by unlawful means."

Rule 41a of Article 4477 places no duty upon the Justice of the Peace to hold an inquest, but we think that if there is a duty placed upon the Justice of the Peace by Article 968, that Rule 41a makes it his duty to also execute the certificate of death. In answer to any contention that the Justice of the Peace might not have such information as is necessary for him to correctly determine the cause of death, Article 970 of our Code of Criminal Procedure, provides that the Justice of the Peace may call in the county health officer or some other physician if necessary to make an autopsy in order to give him the necessary information to determine the cause of death.

We do not think that the legislature intended that two death certificates should be executed, one by the physician and one by the Justice of the Peace holding the inquest. Our interpretation of Rules 40a

and 41a of Article 4477 is that 40a puts the duty of executing the death certificate on the physician last in attendance unless as provided in 41a the Justice of the Peace holds an inquest. In that event, there is no necessity for two death certificates and we believe the legislature intended and that the statutes require the Justice of the Peace to execute the certificate.

Your attention is called to the fact that Article 968, Code of Criminal Procedure, does not require an inquest after all deaths following accidents and in those cases the certificate is made by the physician, if any, last in attendance.

It is the opinion of this department that persons wishing to secure the death certificate for execution should submit it to the physician last in attendance before death, unless the circumstances surrounding the death were such as to require an inquest to be held by the Justice of the Peace. In that event, the death certificate should be submitted to the Justice of the Peace for execution, or physician.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Morris Hodges
Morris Hodges
Assistant

MH:omb

APPROVED:

ATTORNEY GENERAL OF TEXAS